Reese, J.
delivered the opinion of the court.
This is an action of covenant. The plaintiff declared upon a warranty of soundness, contained in a bill of sale of negroes, and assigned as a breach of the covenant, that the negroes were not sound at the time of the sale. The defendant pleaded performance of the covenant, upon which issue was taken. On the trial of this issue, we learn from the bill of exceptions, that there was evidence on the part of plaintiff, conducing to prove, that the negroes at the time of sale, were unsound, and there was evidence on the part of the defendant, conducing to prove, that the negroes at that time were sound. It was proved, that shortly after the sale the plaintiff offered to return the negroes to the defendant, alledging their unsoundness, and to surrender to him the bill of sale, and to cancel the contract, but the defendant refused to receive them. The defendant requested the court to instruct the jury, that if they believed the negroes, at the time of the sale, to have been unsound, the measure of damages would be the difference between the value of the negroes in their actual condition, and what would have been their value, if there had been no breach of the covenant; that is, if they had been sound, and, also, medical bills, &c. The court refused so to instruct the jury, but informed them, that if they believed the negroes to have been unsound at the time of sale, and plaintiff offered to return them, and surrender the bill of sale, in a reasonable time, this would operate as a rescission of the contract, whether the defendant knew of the unsoundness or not, and in that case, the measure of the damages would be the price paid for the negroes, with interest thereon. And the jury found a verdict accordingly.
The single question before us is, whether this charge is erroneous.
Where an action has been brought to recover damages for an alledged violation of a warranty of soundness, upon a sale, where the plaintiff in the very nature and form of the action proceeds upon the ground, that the contract of sale is subsisting and the title of the chattel, by such sale, as being still in him, under such circumstances, we know of no case where *583 it has been held, that the contract can be treated as at an end, and the damages be assessed upon that footing.
In such form of action, we apprehend, if it were in the power of the plaintiff to show such fraud on the part of the vendól-as would have entitled the plaintiff to have treated the contract as at an end, still not having done so, but having elected to affirm the contract, and sue for a breach of it, he could only recover the difference in value between a sound and unsound article. But apart from the argument to be drawn from the na- ( ture and form of the action in this case, it is well settled upon f authority, that if a sale be absolute, and there be no subsequent' consent to- take back the article, the contract remains open, and 1 the vendee must resort to his action upon the warranty, unless I it be proved that the vendor knew of the unsoundness of the arti- jj ele, and the vendee tendered a return of it within a reasonable !j time.
This was so ruled, upon much consideration by the Supreme Court of the United States, in the case of Thornton vs. Wynn, 12 Wheat. 183. In that case, Mr. Justice Washington, who delivered the opinion of the court, after an elaborate review of the English cases at that time decided, says: “The result of the above cases is this; if upon a sale with a warranty, by the special terms of the contract, the vendee is at liberty to return the article sold, an offer to return it, is equivalent to an offer accepted by the vendor; and in that case, the contract is rescinded, and at an end, which is a sufficient defence to an action brought by the vendor for the purchase money, or to enable the vendee to maintain an action for money had and received, in case the purchase money has been paid. The consequences are the same, when the sale is absolute, and the vendor afterwards consents, unconditionally, to take back the property; because in both, the contract is rescinded by the agreement of the parties, and the vendee is well entitled to retain the purchase money in the one case, or to recover it back in the other. But if the sale be absolute, and there be no subsequent agreement, or consent of the vendor to take back the article, the contract remains open, and the vendee is put to his action upon the warranty, unless it be proved that the vendor knew *584 of the unsoundness of the article, and the vendee tendered a return of it within a reasonable time.”
And in a later case than this, in England, the Court of King’s Bench in the case of Street vs. Blay, 2 Barnwell & Adolphus, 456, 22 C. L. R. 123, maintained the same distinctions. These principles so established by authority, are consonant, it seems to us, to the dictates of reason and policy.
We entirely .approve them, and are constrained, therefore, to reverse this judgment, and order a new trial.
Note — See Williams vs. Hart, 2 Humphreys’, p. 68.